# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANELLE HARNESS; ZIONNAH SMARR, THROUGH HER GUARDIAN AD LITEM; AND BRAYDEN SMARR, THROUGH HIS GUARDIAN AD LITEM,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CALIFORNIA HIGHWAY PATROL; UNKNOWN OFFICER DOE 1; UNKNOWN OFFICER DOE 2; AND DOES 3 THROUGH 25, INCLUSIVE,**<br><br>**Defendants.** | 1:19-cv-01451-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER GRANTING UNOPPOSED MOTION TO DISMISS, VACATING HEARING, AND REMANDING CASE TO KERN COUNTY SUPERIOR COURT (ECF No. 8)** |

On July 23, 2019, plaintiffs Janelle Harness, Brayden Smarr, and Zionnah Smarr ("Plaintiffs") filed a civil rights and wrongful death action in the Superior Court of California, County of Kern. ECF No. 1 at ¶ 1. Plaintiffs filed an amended complaint on July 31, 2019. ECF No. 1, Ex. A ("FAC"). The case was removed to this Court on October 14, 2019. ECF No. 1.

The claims concern an officer-involved shooting that occurred on February 8, 2019 in an unincorporated area of Kern County. *See generally* FAC. Plaintiffs allege decedent, Aaron Przkeop, was shot and killed by an unknown California Highway Patrol ("CHP") Officer or Officers. *Id*. at ¶ 9. The FAC contains a single state law wrongful death claim and a single claim arising under 42 U.S.C § 1983 ("Section 1983"). *See generally* FAC. The only named defendant at this time is the CHP, although allegations are leveled at various "Doe" CHP officers as well. *Id*.

On November 13, 2019, the CHP moved to dismiss the Section 1983 claim in its entirety on the

1

ground that the CHP is not a "person" for purposes of Section 1983 liability. ECF No. 8 ("Motion"). The CHP also moved to dismiss the wrongful death claim as to Plaintiff Janelle Harness on the ground that she lacks standing to sue. *Id*. On November 29, 2019, Plaintiffs filed a statement of non-opposition, indicating that they do not oppose any aspect of the Motion. ECF No. 9.

Having reviewed the Motion in light of the entire record, including Plaintiffs' non-opposition, the Court finds the Motion suitable for decision on the papers pursuant to Local Rule 230(g) and GRANTS the Motion in its entirety.

It is well established that CHP is an arm of the State of California and therefore cannot be sued for monetary damages under Section 1983. *See Herrera v. Cal. Highway Patrol*, No. 1:15-CV-01882 TLN SAB, 2017 WL 590244, at *1 (E.D. Cal. Feb. 14, 2017); *Quilici v. Cal. Highway Patrol*, No. 2:16-CV-1523 MCE AC (PS), 2016 WL 3906691, at *2 (E.D. Cal. July 18, 2016). Likewise, the Court agrees that, as a parent of decedent, Plaintiff Harness has not pled eligibility to recover under California Code of Civil Procedure § 377.0(a).

Plaintiffs have not requested leave to amend the federal claim, nor does it appear possible to amend to state a Section 1983 claim for damages against the individual "Doe" CHP Officers. Actions against state officials in their official capacities are treated as suits against the State and are therefore generally barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't. of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010).

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). Under 28 U.S.C. § 1447(c), the court must remand an action *sua*

*sponte* if the court loses subject-matter jurisdiction after removal. 28 U.S.C. 1447(c); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court.").

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) The CHP's Motion is GRANTED in its entirety;

(2) The hearing on the Motion, currently set for December 16, 2019, is VACATED; and

(3) This case is REMANDED to the Superior Court for the County of Kern.

IT IS SO ORDERED.

Dated: **December 3, 2019**        **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE